# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

| | |
|---|---|
| **In the Matter of:** | |
| **Trawler Richard Heath, Inc.,** | **Case No. 03-08714-8-JRL** |
|     Debtor. | |

| | |
|---|---|
| **Trawler Richard Heath, Inc.,** | **AP No. L-05-00076-8-AP** |
|     Plaintiff. | |
| vs. | |
| **National Oceanic and Atmospheric Administration,** | |
|     Defendant. | |

## ORDER

This matter comes before the court on the debtor Trawler Richard Heath's motion for a temporary restraining order against the National Oceanic and Atmospheric Administration (NOAA). A hearing was held in Wilmington, North Carolina on April 21, 2005.

The defendant issued a Notice of Permit Sanction (NOPS) against the plaintiff and the F/V Lady Lorraine, with respect to the fishing Permit No. 321056, based on an alleged fishing violation that occurred on March 9, 2003. The violation is referred to as a "net-liner violation," and it is alleged that the F/V Lady Lorraine "unlawfully used a net with a second net sewn into it that fully extended over the portion of the cod end." The proposed sanctions are a sixty day at sea forfeiture against the vessel and a ninety day suspension against the captain. The plaintiff desires to sell the vessel to Garland Fulcher for the sum of $1,100,000. This sale was conditionally approved by the court. The sale of the vessel would not extinguish the NOPS against it, i.e., the buyer of the vessel would take the vessel subject to the NOPS.

Two prior orders have been issued in this case denying the plaintiff's motion for a temporary restraining order to prevent NOAA's continuance of their administrative action.[1] The primary argument advanced by the plaintiff in this motion is that the NOPS is a claim that was not timely filed by the defendant, and is therefore barred.

The conduct resulting in the NOPS occurred on March 9, 2003. The plaintiff filed its bankruptcy petition on October 7, 2003. On October 8, 2003, the clerk mailed a Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines to creditors. This initial notice stated as follows: "Deadline to File a Proof of Claim: Proof of Claim must be received by the bankruptcy clerk's office by the following deadline: Notice of that date will be sent at a later time." Due to an administrative oversight, the deadline for filing proofs of claim in this case was not set until the court entered the Order and Notice in this case on April 7, 2005. 11 U.S.C. § 502(b)(9) states that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." Had the initial notice contained the appropriate deadlines to file proofs of claim, NOAA's claim would have needed to be filed by April 5, 2004. However, given the deadlines set in the court's Order and Notice of April 7, 2005, the time for filing a claim in the plaintiff's case will expire on July 9, 2005.

The term "claim" is defined in § 101(5) of the Bankruptcy Code to mean:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

---

[1] See Trawler Richard Heath v. CMW, Inc. and Nat'l Oceanic and Atmospheric Admin. (In re Trawler Richard Heath, Inc.), Adv. Pro. No. L-03-00125-8-AP (Bankr. E.D.N.C. March 15, 2004) (Leonard, C.J.); Trawler Richard Heath v. CMW, Inc. and Nat'l Oceanic and Atmospheric Admin. (In re Trawler Richard Heath, Inc.), Adv. Pro. No. L-03-00125-8-AP (Bankr. E.D.N.C. May 21, 2004) (Leonard, C.J.).

>    (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

The defendant issued the NOPS pursuant to 16 U.S.C. § 1858. That section allows either the assessment of a civil penalty or a permit sanction in the event of a violation of an act prohibited by 16 U.S.C. § 1857. The plaintiff argues that since the defendant failed to file a proof of claim with respect to the net-liner violation which occurred pre-petition, and which resulted in the NOPS, that the claim is forever barred and the NOPS must be rescinded.

In support of its argument, the plaintiff cites several cases in which courts have employed a broad definition of the term "claim." In Ohio v. Kovacs, 469 U.S. 274 (1985), the State of Ohio obtained an injunction ordering Kovacs to clean up a hazardous waste site. The court stated that the question to be decided was whether Kovacs' obligation under the injunction was a "debt" or "liability on a claim" subject to discharge under the Bankruptcy Code. The State argued that Kovacs' obligation under the injunction was not a "claim" under the Bankruptcy Code because it did not give rise to a right of payment. The Court found that "Congress desired a broad definition of claim," and cited the following legislative history concerning the definition of a "claim:"

>    Section 101(4)(B) [now 101(5)(B)]...is intended to cause the liquidation or estimation of contingent rights of payment for which there may be an alternative equitable remedy with the result that the equitable remedy will be susceptible to being discharged in bankruptcy. For example, in some states, a judgment for specific performance may be satisfied by an alternative right to payment in the event performance is refused; in that event, the creditor entitled to specific performance would have a 'claim' for purposes of a proceeding under title 11.

Id. at 279-80 (quoting 124 Cong. Rec. 32393 (1978) (remarks of Rep. Edwards)) See also In re Continental Airlines, 125 F.3d 120, 132 (3rd Cir. 1997) (stating that "[t]he term 'claim' as defined

in the bankruptcy code is construed broadly to permit debtors to meet all of their legal obligations in bankruptcy and to enable holders to participate in the bankruptcy proceedings.").

The Court held that the state's remedy, although couched as an "injunction," was in reality a monetary obligation and therefore a "claim" under bankruptcy law. The court cited with approval the district court's statement that "to hold otherwise would subvert Congress' clear intention to give debtors a fresh start." Kovacs, 469 U.S. at 281-82. The Court in Kovacs carefully observed that it was not holding that an injunction against bringing further toxic waste on the premises or against any conduct that will contribute to the pollution of the site or the state's waters was dischargeable in bankruptcy. The court basically found that if an injunction could be reduced to a monetary penalty, it could be considered to fall within the broad definition of a "claim." See also In re Chateaugay, 944 F.2d 997 (2nd Cir. 1991) (finding that "an order to clean up a site, to the extent that it imposes obligations to stop or ameliorate ongoing pollution, is a 'claim' if the creditor obtaining the order had the option, which CERCLA confers, to do the cleanup work itself and sue for response costs, thereby converting an injunction into a monetary obligation); Continental, 125 F.3d at 136 (holding that the right to seniority integration [as it relates to airline pilots] gives rise to a "right of payment" such that the remedy constitutes a "claim" dischargeable in bankruptcy.).

In this case, the plaintiff argues that the NOPS is the economic equivalent of a monetary penalty. The plaintiff will lose money if it is unable to fish for sixty days or if it is unable to sell the F/V Lady Lorraine. Thus, the plaintiff argues that since the NOPS will cause the plaintiff monetary harm, it should be considered a claim, and since the time for filing a claim has expired, the NOPS should be rescinded.

The court hereby denies the debtor's motion for a temporary restraining order, and NOAA is

4

free to proceed. Had the government decided to proceed under 16 U.S.C. § 1858(a), it would be seeking a monetary penalty which would be a claim in this case, but it has a parallel and independent right to move against the permit under 16 U.S.C. § 1858(g). This case differs from Kovacs and the other cases cited by the plaintiff. Those cases involved an injunction that could be reduced to a monetary penalty. In Kovacs, the state obtained an injunction requiring the debtor to clean up its toxic waste. However, the debtor could also choose to pay for the state to clean up the waste. In this case, the debtor is given no such choice. Here, the government is given sole discretion as to whether it seeks a permit sanction, a monetary sanction, or both. A permit sanction under 16 U.S.C. § 1858(g) does not reduce itself to a monetary claim on the part of the government against the debtor. Thus, there is no claim under § 101(5), and as such, no claim needed to be filed. The plaintiff's motion for a temporary restraining order is denied, and the plaintiff's motion to reconsider the order setting a claims bar date is denied as moot.

**So Ordered.**

**Dated: May 5, 2005**

s/ J. Rich Leonard
**J. Rich Leonard**
**United States Bankruptcy Judge**